GRANVILLE S. STANDISH, JR. *vs.* SARAH MILDRED PETITTE STANDISH.

MARCH 9, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)   *Divorce.   Coming into Court with Clean Hands.*

Where the trial court found that petitioner in divorce failed to realize his responsibility and that he had no conception of his responsibility, to warrant such language he must have found from the evidence that petitioner had somewhat ruthlessly violated his duties to his wife.

(2)   *Divorce.   Coming into Court with Clean Hands.*

Where the trial court in a divorce case might have found from the evidence that petitioner was guilty of gross misconduct or that a person acting on petitioner's request led respondent to commit the indiscretions complained of, or that petitioner was guilty of extreme cruelty, the finding of the court that petitioner failed to realize his responsibility and that he had no conception of his responsibility is not inconsistent with either of such findings.

DIVORCE. Heard on exception of petitioner and over-ruled.

RATHBUN, J. This cause is before us on the petitioner's exception to the decision of a justice of the Superior Court denying and dismissing his petition for absolute divorce.

Said justice found that the respondent had on two occasions been guilty of gross misbehavior but denied the petition on the ground that the petitioner did not come into court with clean hands.

The rescript embodying the decision of said justice contains the following: "The petitioner, in the hearing of respondent, made arrangements for a business trip to Newport which would keep him away over night. The respondent requested him to take her with him, which he declined to do. Petitioner returned from Newport early in the evening with a friend, a young married man . . . and remained in a bowling alley until about midnight. Petitioner invited his friend to spend the night at his home and together they proceeded thither, finding an automobile drawn up before the house. The husband's return was evidently unexpected. They found a young girl and a young man seated upon a couch in the living room, and upon making his way into his bedroom petitioner found respondent and a young man very mysteriously designated as 'Mr. X.' together in the room, both, however, fully dressed.

"The young girl seated upon the couch, a student in a High School, testified that the party that evening consisted of four young men and five girls; that before the appearance of petitioner upon the scene two of the young men and three of the girls had left; that respondent and Mr. X. had entered the bedroom just before petitioner came in, the respondent for the purpose of getting a coat as they were all going out for a supper; that they had had some liquor during the evening. There was further testimony by this same witness that she and respondent remained out all night at one time in an automobile, because they were afraid to go home.

"There is no question but that on the night above referred to, and the night of the party, the respondent was guilty of gross misbehavior. The petitioner, however, does not come into court with clean hands. He brings this young girl from Virginia as his wife. She is inexperienced, very young, and not strong in appearance. Much of the testimony of their married life discloses that neither had any conception of the responsibilities of the marriage contract. The petitioner and respondent attended parties where liquor was freely served to these young people and petitioner himself admits serving liquor at such parties. The testimony of this young girl referred to above discloses a standard of morals among these young flappers that is almost unbelievable, and she admits that on one occasion she slept in the same bed with petitioner and respondent at the house of petitioner. There are other matters brought out in the testimony which leads the Court to the opinion that petitioner has failed to realize the responsibility of his position, and has to a certain extent neglected his wife. A man cannot take a wife as a mere plaything and when he tires of her drop her."

Counsel for the petitioner argued before us that said justice failed to find that the petitioner had been guilty of any specific misconduct or dereliction sufficient to constitute in law a bar from relief.

While the language of the rescript is not as clear as might be desired, the justice did find that the petitioner did not come into court with clean hands; and we can not agree with the contention of counsel that the petitioner was denied relief merely because he had attended drinking parties with his wife, and perhaps caused her to acquire the habit of drinking intoxicants to excess, and had "to a certain extent neglected his wife".

The justice found "that neither had any conception of the responsibilities of the marriage contract". This language was used immediately after finding the respondent guilty of gross misconduct, and again, as if to emphasize the

seriousness of the petitioner's conduct, which the justice apparently preferred not to recite in detail, he repeats by saying: "There are other matters brought out in the testimony which leads the Court to the opinion that petitioner has failed to realize the responsibility of his position." If a person has a responsibility he owes a duty. Each of the parties owed certain duties to the other, among these was the duty to be guilty of no conduct which would be ground for divorce. The justice said the petitioner failed to realize his responsibility and that he had no conception of his responsibility. To warrant the use of such language the justice must have found from the evidence that the petitioner had somewhat ruthlessly violated his duties to his wife. There was testimony from which the court might have found the petitioner guilty of extreme cruelty to the respondent; and she testified that the girl, who admitted sleeping in the same bed with her and the petitioner, occasionally spent the night at the Standish home, that on one of these occasions the respondent, in the morning, arose first and prepared breakfast; that when she went to the girl's room to serve her breakfast the respondent found her husband and the girl occupying the same bed and that when respondent remonstrated he said: "I will kick you out; if you don't like what I do, get out."

The girl and the petitioner were friends of long standing; before his marriage he had been attentive to her. The evidence indicates that shortly after his marriage the petitioner was desirous of freeing himself from his wife. He introduced this girl to his wife and was apparently anxious that they be companions. The girl was with the respondent on both occasions when she was guilty of misconduct. The girl without being summoned appeared in court to testify in behalf of her "friend" as she termed the petitioner. Respondent testified that at different times her husband tried to "shove" her "off on the men" who were with this girl. The justice might have found that the petitioner was guilty of gross misconduct or that the girl, acting on the

petitioner's request, led the respondent to commit the indiscretions complained of. The language of the rescript is not inconsistent with either of such possible findings and there was evidence on which to base all of the findings which we have indicated may have been made. As the respondent filed no cross-bill, she filed no specific counter-charges. Had she done so the justice would have made a more specific finding upon each of the issues raised; but after carefully examining the record we can have no doubt that the justice made findings of fact sufficient to warrant his conclusion that the petitioner was not entitled to relief because he did not come into court with clean hands.

The petitioner's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*Elmer E. Tufts, Jr., Edwards & Angell,* for petitioner.
*Fitzgerald & Higgins, William H. Camfield,* for respondent.