VIRGINIA T. COMERY *vs.* ALAN W. COMERY.

AUGUST 22, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a petition for divorce alleging extreme cruelty. An answer in the nature of a cross petition was filed by the respondent alleging extreme cruelty and also continued drunkenness. After a hearing in the superior court the trial justice denied the original petition and granted the cross petition on the ground last mentioned. From that decision each party has prosecuted a bill of exceptions to this court.

The petitioner's exceptions are to the denial of her own petition and to the granting of the respondent's cross petition. The respondent's exception is to the denial of his cross petition in so far as it relates to the ground of extreme cruelty. Upon our view of the cause it will not be necessary to set out all the evidence which, however, we have carefully considered. It appears therefrom that the parties were married June 27, 1933 and have two children, both boys, who were approximately nine and four years of age at the time of the hearing in the superior court. The respondent holds a responsible position with a large corporation. Apparently no serious difficulty arose between them until early in the year 1946, although there were clear indications for a few years prior to that time that trouble might be developing. Reasonably viewed the evidence tends to show that following the year 1942 the petitioner made a steadily increasing use of intoxicating liquor, thereby causing disagreements with her husband and ultimately culminating in the bringing of the present petition in 1948.

The petitioner's claim of extreme cruelty rests largely on three incidents which occurred at the parties' home in the early part of 1946 and during the two following years. There is little or no corroboration of the testimony of either party as to what actually took place in the home on those occasions, particularly in respect to the matter of physical contact. The testimony in that regard is highly conflicting. Such contact as may have occurred on those occasions clearly was caused, as the trial justice found, by

the fact that the petitioner's overindulgence in alcoholic liquor brought on altercations between herself and her husband. There is no evidence that any serious injury to either of them followed those occurrences.

In all three instances the petitioner left the home and went in an excited condition to the house of neighbors from which she later was twice assisted by the respondent's nephew. The first time she was taken to the Charles V. Chapin Hospital where she remained for about two weeks. According to the respondent's testimony that was done to "get her straightened out on this alcohol." On the second occasion before returning to her own home she went to her father's house and remained with him for about three weeks and also went again to the same hospital for a short period. After the third occurrence, which took place shortly before this petition was brought, she returned voluntarily to her own home. She also testified in substance that she was in fear of her husband; that he had constantly used abusive and vile language toward her for some years; and that his conduct had impaired her nervous system and her health.

The respondent's charge that petitioner was guilty of extreme cruelty toward him is based apparently on her general course of conduct covering several years rather than on specific incidents. He contends that the evidence shows in substance that in addition to the fact that the petitioner struck him several times and threw household utensils at him she used vile and profane language to him before their children and friends; that at times she did not get his or the children's meals; that she permitted the home to become dirty; and that she embarrassed him by calling police cars to their house on several occasions, and by other conduct.

Under the petition and the cross petition the moving party had the burden of establishing his or her respective contentions by a fair preponderance of the evidence. As far as the matter of extreme cruelty was concerned the

trial justice decided that neither party had sustained the burden thus imposed by law. In a case of this kind, where the evidence is conflicting and its weight and the credibility of the witnesses must be determined by the trial justice, the opportunity which he has of seeing and hearing them testify is of great assistance. That advantage we do not have. It is well established by this court that in a divorce proceeding findings of the trial justice upon conflicting evidence will not be disturbed by us unless they are found to be clearly wrong. *Biron* v. *Biron,* 71 R. I. 329. After examining the evidence we cannot say that the finding of the trial justice that no extreme cruelty by either party was satisfactorily proved was clearly wrong. The petitioner's exception is therefore overruled, as is also the respondent's exception to the failure of the trial justice to grant the cross petition upon that ground.

The charge that the petitioner was guilty of continued drunkenness, as alleged in the cross petition, remains to be considered. We will assume for the purposes of this case only, and without actually deciding that issue in any way, that the finding of the trial justice that the petitioner was guilty of that charge is correct. However, there remains in that connection the question whether the respondent's own conduct was such that he is entitled under his cross petition to a favorable decision on that ground. The trial justice considered that question and came to the conclusion that the respondent had not contributed to the development of the liquor habit his wife had acquired. She contends that the evidence shows that conclusion to be erroneous.

The principle that a party asking for a divorce must show, broadly speaking, that he is without fault in matters relating to the marriage relation and the grounds relied on is well established by this court and has been stated in different ways. In *Grimes* v. *Grimes,* 61 R. I. 198, at page 203, the following language is used: "Applying the rule recognized and followed in the above cases, we are of the

opinion that, even if the defense of condonation were avoided and extreme cruelty were established by all of the evidence, the petitioner has failed to establish by affirmative, convincing evidence that he is without fault." In *Standish* v. *Standish*, 48 R. I. 179, at page 183, it is stated that "the petitioner was not entitled to relief because he did not come into court with clean hands." See also *Salvatore* v. *Salvatore*, 61 R. I. 109; *McLaughlin* v. *McLaughlin*, 44 R. I. 429.

An examination of the evidence here discloses that it had been the custom of the parties over a considerable period to have and use liquor of different kinds in their house. The respondent testified that he bought it wholesale by the case. It also appears that, in addition to drinking while being entertained away from home, the parties drank together in their own home before, after, or during their meals. A witness testified that when she visited them liquor was served, the respondent often preparing the drinks for all, including the petitioner, and that they all drank together. The evidence likewise showed that frequently when friends were calling highballs were served, all present including the petitioner and respondent partaking. In other words, the evidence fairly construed in our judgment reveals a manner of living in which it was customary for the respondent to have considerable liquor at all times in the home; to habitually make use thereof; and to participate with petitioner in its frequent use.

Under the conditions it should have been obvious to the respondent that the petitioner, as time went on, gradually was becoming more and more addicted to the excessive use of intoxicants and that he was assisting in the development of such habit. Eventually the respondent in a belated attempt to prevent her from having ready access thereto took certain precautionary steps. By 1946 or the year following he kept the supply of liquor in the house locked, he tried to prevent the petitioner from having much ready

cash with which to obtain it, and he notified a market and a drugstore not to extend credit to her for liquor purchases. However, in our opinion his attempts in this connection were too late and insufficient to completely excuse his previous part in helping to bring about the petitioner's unfortunate and fixed habit. This is shown in part by her conduct when she went on a trip to Maine and on a visit to Jamestown in this state, the details of which are unnecessary to mention. Further, there is no evidence that the respondent ever consulted her father about her condition or tried seriously to obtain medical attention or any other suitable treatment which might help her.

Considering all the evidence on the point in issue and making reasonable deductions therefrom, we are of the opinion that the trial justice was clearly wrong in his finding that the respondent's conduct did not contribute to the petitioner's alleged continued drunkenness. Reasonable perception on his part in the circumstances should have led respondent to act sooner and in a more drastic manner. For thirteen years from 1933 to 1946, according to the evidence, the parties were reasonably happy. The difficulty here seems to have arisen by reason of the wife having become addicted to overindulgence in intoxicating liquor which respondent, having knowledge of her growing weakness with reference to liquor, provided and used with her in the home. When he found his wife was becoming an alcoholic the least he could have done was to refrain from bringing liquor into his home; to cease drinking with her; to remove the temptation being frequently placed before her by his example and participation alone or with others; and to strive reasonably to help his wife to overcome her unfortunate habit.

In the circumstances we are of the opinion that the respondent did not establish by affirmative and convincing evidence that in the circumstances he is without fault and that his own hands are clean in this respect, considering

his charge that the petitioner was guilty of continued drunkenness and that said charge was the basis of the decision of the trial justice. For that reason the cross petition should have been denied and dismissed.

The petitioner's exception to the denial of her petition is overruled, and her exception to the granting of respondent's cross petition on the ground of continued drunkenness is sustained. On October 3, 1949 the respondent may appear before this court to show cause, if any he has, why the case should not be remitted to the superior court with direction to dismiss his cross petition.

*David G. Geffner, Albert Lisker,* for petitioner.

*William M. Mackenzie,* for respondent.