Florence Lannon *vs.* Thomas Lannon, Jr.

DECEMBER 4, 1957.

Present: Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is a petition for divorce wherein the only ground alleged was extreme cruelty. The matter was heard by a justice of the superior court who thereafter granted the petition. The case is before this court on the respondent's exception to that decision.

The parties were married on February 14, 1952. There is much conflicting evidence relating to their conduct during their married life, both petitioner and respondent adducing testimony as to the commission of violent assaults

upon each other. Three children were born of the marriage. The petitioner testified that in February 1956, after what she described as a particularly violent assault upon her by respondent, she left him and filed this petition for divorce on March 2, 1956.

The trial justice, after a hearing thereon, held the case under consideration for some weeks and on June 27, 1956 granted the wife's petition stating: "The petition of Florence Lannon is granted on the ground of extreme cruelty." The trial justice then gave custody of the minor children to petitioner, reserved a right of visitation to respondent, and ordered him to pay $30 weekly for the support of petitioner and the minor children.

The respondent makes much of the fact that the trial justice made no express findings of fact in stating her decision. He argues that because she failed to set out findings of fact the decision is not entitled to the persuasive force we usually accord such decisions on review. In our opinion it is highly desirable that a trial justice, sitting as a court of domestic relations, make express findings of fact pertinent to his decision in granting or denying a petition for divorce. This is true also in the case of civil suits. *Mc-Farland* v. *Lynch,* 60 R. I. 125.

However, where such findings of fact are not set out expressly we will not, for that reason alone, refuse to accord the decision the persuasive force usually accorded such decisions on review. This is for the reason that implicit in a decision there are such findings of fact as are necessary to support it. In the instant case implicit in the decision of the trial justice are findings that respondent was guilty of extreme cruelty and that petitioner was without fault.

In these circumstances we see no reason why the case should not fall within our well-established rule that the findings or decision of a justice of the superior court, sitting as a court of domestic relations, will not be disturbed

unless he was clearly wrong. *Castelli* v. *Castelli,* 82 R. I. 232.

The respondent further contends that the trial justice was clearly wrong in the decision, inasmuch as she either overlooked or misconceived material evidence bearing on the question of petitioner's freedom from fault in the premises. It is well established in this state that a petitioner for divorce must show, speaking broadly, that he is without fault in matters relating to the marriage relation and the grounds relied upon. *Comery* v. *Comery,* 76 R. I. 191, 194.

The freedom from fault that a petitioner for divorce is required to show by affirmative convincing evidence is not limited to recriminatory offenses of such character on his part as would entitle a respondent to a divorce. A petitioner is precluded from obtaining a divorce if he is guilty of an offense which constitutes a ground for divorce under our statute. *Thomas* v. *Thomas,* 83 R. I. 251, 115 A.2d 526. But in this state conduct not amounting to a recriminatory offense may be sufficient to cause relief to be withheld from a petitioner on the ground that he did not come into court with clean hands. *Standish* v. *Standish,* 48 R. I. 179.

In *Comery* v. *Comery, supra,* we held that where it was shown that a husband, who sued for a divorce on the ground of his wife's continued drunkenness, had for a long period of time made intoxicants available to her, he was not free from fault within the meaning of this rule, although he had for some time prior to filing his petition attempted to cut her off from liquor when her addiction thereto had become acute.

In *Grimes* v. *Grimes,* 61 R. I. 198, where the petition alleged extreme cruelty and it was shown that the petitioner had provoked and participated in arguments, it was held that he was not without fault as contemplated by this rule. It is our opinion that the meaning of the words "without fault" under this rule includes an absence of any conduct that is either repugnant to the marriage covenant or is pro-

vocative of domestic discord. See *Salvatore v. Salvatore,* 61 R. I. 109, and cases cited therein.

We have carefully examined the transcript and find that under cross-examination petitioner admitted that in 1945 while her husband was absent in the military service she was arrested on a charge of disorderly conduct in a local cafe. She further admitted under cross-examination that in March 1950 she had been observed by her husband while she was in the company of another man in a cafe and that she had been in that man's company three or four times. She denied that there had been any improper relations with this man and explained that they were together because they were "with a crowd."

The respondent testified that on occasion he had seen petitioner in automobiles with other men and that frequently, when she was working on the first night shift, she would not come home until the early hours of the morning. The respondent also testified that petitioner had struck him and discolored his eye on one occasion when he insisted that she leave a cafe where a fight had started among the patrons, and that on another occasion she had assaulted him, tearing his shirt off his back. The petitioner did not thereafter take the stand and deny that any of these incidents occurred, but she appears to have relied entirely upon the general statements of good conduct made by her when testifying in her own behalf.

We are of the opinion that in view of the decision and the finding of freedom from fault implicit therein, the trial justice either overlooked or misconceived the effect of the above-mentioned evidence on the petitioner's burden of proof. The question is not whether such uncontradicted evidence is sufficient to constitute a ground for divorce under our law but whether it has sufficient probative force to negative the petitioner's allegation of freedom from any fault which is repugnant to the marriage covenant or provocative of domestic discord. It is our opinion that this

uncontradicted evidence does negative the petitioner's freedom from fault and that the trial justice was clearly wrong in granting her petition.

The respondent's exception is sustained, and on December 18, 1957 the petitioner may appear before this court to show cause, if any she has, why the case should not be remitted to the superior court with direction to deny and dismiss her petition.

JANUARY 17, 1958.

ON SHOW CAUSE ORDER.

PER CURIAM. In the above-entitled case, pursuant to the permission given in our opinion heretofore filed, the petitioner through her attorney appeared to show cause, if any she had, why the case should not be remitted to the superior court with direction to deny and dismiss her petition. At that time reasons were presented in support of her contention that the appeal should be denied and the decision for the petitioner sustained.

Upon consideration we are of the opinion that no sufficient cause has been shown to change our conclusions. Therefore the case is remitted to the superior court with direction to deny and dismiss her petition.

*Goodman & Gorin,* for petitioner.

*Thomas F. Kelleher, Francis A. Kelleher,* for respondent.