ANNIE VIRGINIA BROWNING *vs.* EDWARD CLARKE BROWNING.

JULY 14, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

416

ROBERTS, J. This is a petition for divorce on the grounds of extreme cruelty, neglect to provide, and gross misbehavior. The case was heard by a justice of the superior court, sitting as a court of domestic relations, who granted the petition on the grounds of extreme cruelty and neglect to provide. The case is before us solely on the respondent's exception to the decision.

It appears from the record that the parties were married on June 21, 1950 and that two children were born of the marriage. In her testimony petitioner related a long history of marital strife. She testified that respondent was guilty of continuous minor assaults and in one instance stated: "He has pushed me around, knocked me down and bruised me up." She also testified: "There was several little times. I was always black and blue, always pinching me." This was in addition to her testimony which charged respondent specifically with several serious acts of violence some of which required medical and dental attention.

The testimony of respondent was substantially in contradiction of petitioner's testimony. He testified that peti-

tioner had repeatedly attempted to assault him. He stated that on one occasion she had intentionally run into him with an automobile which she was driving; that she had hit him with a small stick; that she attempted to strike him with a flatiron; and that she had thrown a telephone at him. He further testified that petitioner was "going around with a man named Carpenter," and that at times when she claimed she was baby-sitting she would be out with this man. Each of the parties called other witnesses, who in various degrees corroborated such testimony.

The respondent contends that the trial justice erred in two particulars. He argues first that it was error for him to find that petitioner had proved by clear and convincing evidence that respondent was guilty of extreme cruelty and neglect to provide. He also argues that it was error on the part of the trial justice to find that petitioner had sustained the burden of proving her own freedom from fault.

We shall first consider respondent's contention that petitioner did not meet the burden of proof with respect to her own freedom from fault. It is well settled in this state that a petitioner has this burden in a divorce proceeding. *Thomas* v. *Thomas*, 83 R. I. 251; *Lannon* v. *Lannon*, 86 R. I. 451, 136 A.2d 608. In the *Lannon* case this court stated that in order to prove entitlement to a divorce, the petitioner must not only prove guilt on the part of the other spouse, but must by clear and convincing evidence prove his or her freedom from fault "which is repugnant to the marriage covenant or provocative of domestic discord." In other words, in this state it is the petitioner's burden to prove by clear and convincing evidence not only freedom from offenses which are recriminatory in character, but also freedom from conduct which contributes substantially to the impairment of the marital relationship.

As we understand respondent's contention, he is arguing that there is in the record evidence that petitioner was

418

guilty of conduct amounting to cruelty on her own part and that she had carried on a clandestine affair with another man. In view of the presence of such evidence in the record, respondent contends that in granting her petition the trial justice must have either misconceived or overlooked such evidence bearing on her lack of freedom from fault.

We cannot agree with this contention. An examination of the decision of the trial justice as it is set out in the transcript reveals that he referred therein to the evidence in question. With reference to the evidence concerning petitioner's affair with another man, he described it as being mere innuendo, and referring to testimony of her acts of cruelty he said that they did not justify a denial of her petition. It seems to us that this is a situation in which the trial justice, who had the advantage of seeing and hearing the witnesses testify, did not give credence to the testimony of respondent on these issues. He quite obviously found that the quantum of proof offered by petitioner met the burden of proving her case by clear and convincing evidence both with respect to fault on the part of respondent and freedom from fault on her own part.

It is our well-settled rule that the findings or decision of a justice of the superior court sitting as a court of domestic relations will not be disturbed unless it is shown that he was clearly wrong. *Castelli v. Castelli*, 82 R. I. 232. As we have indicated by the observations hereinbefore made, we cannot say that the trial justice was clearly wrong in finding that the petitioner was free from fault on her part.

We think that respondent's contention that the trial justice erred in finding him guilty of extreme cruelty is without merit. We have examined the record and find it replete with conflicting testimony as to respondent's guilt on such issue. It is our opinion that respondent is arguing not so much that there is an absence of competent evidence on this issue as that he is disagreeing with the weight given to such evidence by the trial justice.

We reiterate that it is the well-settled rule in this state that a finding by a trial justice sitting without a jury will be given great weight and will not be disturbed unless it appears that he has overlooked or misconceived material evidence and that his conclusion is clearly wrong. *Arch Lumber Co.* v. *Archibald*, 88 R. I. 49, 143 A.2d 679.

It appears from the transcript that there is ample competent evidence to support the findings made by the trial justice on the issue of cruelty. It is true that the evidence on respondent's behalf is in some measure contradictory of that adduced on behalf of petitioner. The respondent argues vigorously that the trial justice should have given more weight to the evidence in his behalf than he gave to that for petitioner.

We do not agree with this argument. The fact that a trial justice reasonably construed evidence in a sense other than that contended for by an appellant, or gave more weight to certain evidence than would be given to it by an appellant, does not necessarily constitute a misconception of the evidence under this rule. *Aiken* v. *Olympia Realty Corp.*, 81 R. I. 452. We are of the opinion that the instant situation comes within the purview of the rule thus stated. In such circumstances we will not disturb the decision of the trial justice. *Weinbaum* v. *Weinbaum*, 81 R. I. 375.

Because of the conclusion which we have reached on the issue of extreme cruelty, it is unnecessary to consider the respondent's contentions on the issue of neglect to provide.

The respondent's exception to the decision is overruled, and the case is remitted to the superior court for further proceedings.

*William H. Leslie, Jr.,* for petitioner.

*William T. Kanelos,* for respondent.