MARY L. BURNS *vs.* T. EDWARD BURNS.

MARCH 8, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J.   This is a wife's petition for separate maintenance and support without commencement of divorce proceedings.   G. L. 1956, §15-5-19.   On August 6, 1956 a consent decree granting such relief was duly entered by the superior court.   Thereafter on May 25, 1960 that court after a hearing on the respondent's petition for modification thereof entered a decree modifying the consent decree.   The cause is here on the wife's appeal from such decree.   We shall hereinafter refer to her as the appellant and to the husband as the appellee.

The consent decree provided:

"First: The Respondent shall pay to the Petitioner for her maintenance and support the sum of Sixty ($60.00) Dollars a week. The first payment shall be made July 13, 1956, and subsequent payments shall be made on Friday of each week.

"Second: The Respondent shall obtain and pay for and continue in full force and effect until further order of this Court, maximum coverage for both the Petitioner and the Respondent, of Blue Cross and Physicians Service benefits.

"Third: The amounts paid by Respondent to Petitioner pursuant to this Decree shall be declared as income by the Petitioner in her separate Federal Income Tax return for the calendar year 1956 and for each subsequent calendar year during which payments are made under this Decree."

The second decree modified the consent decree in the following particulars:

"(1) The Respondent shall pay to the Petitioner for her maintenance and support the sum of Eighty Dollars ($80) every two weeks; the first payment to be made on Saturday, June 4, 1960, and subsequent payments to be made on each second Saturday thereafter.

"(2) The Respondent shall obtain and pay for and continue in full force and effect until further order of this Court, maximum coverage for both the Petitioner and the Respondent of Blue Cross and Physicians Service benefits.

"(3) Paragraph Third of the said Decree of August 6, 1956 is deleted and no longer binding upon the Petitioner."

The appellant contends that such decree is contrary to the law and the evidence, that the court erred in its rulings on evidentiary matters, and that its decree is in all respects erroneous and prejudicial to her rights. Under these reasons of appeal she has briefed and argued two points, first that the appellee did not sustain the burden of proof in support of his petition to modify the consent decree and sec-

ondly that the superior court erred in reducing the amount of the weekly allowance fixed by that decree.

It appears from the evidence that the appellee's annual income at the time of the hearing in the superior court was $11,003. For the year 1956 it was about $10,000. It further appears that appellee is contributing to the support of his 74-year-old mother with whom he lives and was so contributing at the time the consent decree was entered. She then owned a two-family house and a business property from which she derived some income.

At the time of the hearing in the superior court she had sold the business property for about $20,000 and also the house for $14,200 and no longer received such income, but she was receiving $700 a year from old age and survivors insurance.

It does not appear from appellee's testimony what she did with this money although he did testify the property was mortgaged. The extent of the mortgage was not testified to and he did not produce his mother as a witness to testify as to her financial condition after she had sold her real estate. Since the burden of proving a change in his circumstances rested upon the appellee and he was relying in part upon an increased obligation to contribute to his mother's support to discharge that burden, it was incumbent upon him to show his mother's need for additional financial assistance from him. This, in our opinion, he clearly failed to do by any probative evidence.

The substance of his testimony on this point was merely that he was expending about $1,000 a year for her support. However, when his counsel asked him, "What percentage of the amounts here represent the portion which your mother receives from you?" he answered, "I think an aggregate of everything would be $1000.00. I don't know that I can break it up item by item. An average at $15.00 would probably be 50 by $15.00." "When you refer to 50, you mean 50% goes to your mother?" "Yes."

On cross-examination he admitted that in his federal income tax return for 1955 he reported a contribution of $1,500 for his mother's support, but he stated that in his 1956 return he did not report that much. However, he did not state how much and he did not produce his 1956 return.

The appellant testified that her income in 1960 was $4,556, that she had no money in the bank, and that she owed a balance of $120 on a loan on which she was making payments out of her salary. It also appeared from her testimony that she was about to need treatment for a developing cataract which she expected would necessitate giving up her employment. Her annual income consisted of the weekly allowance of $60 from the appellee in the total amount of $3,120 a year plus her salary. In 1956 her salary was somewhat smaller.

In this state of the evidence the appellee clearly failed to show an alteration in his circumstances that would warrant a modification of the decree of August 6, 1956. The law is settled in this state that the party seeking modification of an existing decree granting an allowance has the burden of showing such a change in his circumstances since its entry as would reasonably call for a modification thereof. *Moore* v. *Moore,* 53 R. I. 294.

The trial justice recognized that this was the law but he seems to have considered the matter before him as though it had not been previously presented to the superior court. At the outset of his decision he states: "This apparently was a consent decree. It was never heard by the court. The parties consented to it. It is not entitled to as much weight as a decree that was entered after a full hearing in open court." No authority was cited for that statement and we are aware of none. A decree derives its efficacy from its entry by the court in the exercise of the judicial function. The fact that it was consented to does not in any way detract from its efficacy. It is to be given the same force and effect thereafter by everyone, including the court,

as though it had been entered after a hearing.

It further appears from the trial justice's decision that in weighing the evidence he acted more or less on this misconception of the law. Instead of directing his attention to the only issue before him, namely, whether appellee had presented any probative evidence of such a substantial change in his financial circumstances as to warrant a reduction in the allowance fixed in the decree of August 6, 1956, he based his decision very largely on a comparison of the amounts each party would receive if the terms of that decree were not modified. In his decision he states: "His income is approximately $11,000.00. Her income is $4500.00. He is paying her approximately $3000.00 a year, leaving $8000.00 to support himself and his mother." After making that comparison he decided that the allowance should be reduced from $60 to $40 a week.

His final statement was: "It is a case I don't think should be in court." After carefully reading the transcript we are in agreement with that view but probably for a different reason than the trial justice. We think the appellee failed utterly to make out a case for modification and hence his petition should have been dismissed.

The appellant's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with direction to enter a new decree denying and dismissing the appellee's petition.

*Higgins & Slattery, James A. Higgins,* for appellant.

*Thomas H. Quinn, Cameron P. Quinn,* for appellee.