TOMIES CALVIN SARGENT *vs.* FRANCES C. SARGENT.

DECEMBER 1, 1961.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

360

ROBERTS, J. This is a petition for divorce, the grounds alleged therefor being willful desertion and gross misconduct. No appearance was entered by or in behalf of the respondent, it appearing from the record, however, that the citation was served on her by a disinterested person in Shelby, North Carolina. The matter was heard by a justice of the superior court sitting as a court of domestic relations, who thereafter denied and dismissed the petition. The case is before this court on the exception of the petitioner to this decision.

According to the evidence, the parties were married in South Carolina on October 3, 1953. The respondent bore two children by petitioner, one born prior to their marriage and one after. The petitioner testified briefly but explicitly that at the time of the marriage respondent agreed that he was to go to Rhode Island to take employment and that as soon as he "got settled" he was to send for her and the child. He further testified that in January 1954 he com-

municated with his wife, informing her that he had established a home and requesting her to come to Rhode Island. This the respondent did not do. About a year later, that is, in January 1955, petitioner went to Shelby, North Carolina, where respondent was then living, and attempted to persuade her to come to Rhode Island, which again she refused to do.

The petitioner's further testimony was in a similar vein relating to his efforts, without success, to persuade respondent to come to Rhode Island and resume their married life. He testified that she had told him that she did not want to live with him and that she had met another man by whom she had become pregnant. He concluded his direct testimony by stating that he had throughout his married life conducted himself as a good and faithful husband.

The trial justice then undertook to interrogate petitioner concerning his efforts to persuade respondent to come to Rhode Island and resume their marital relationship and the amount that he had contributed to the support of the children during the intervening years. The interrogation was comparatively brief but could be viewed as giving rise to some doubt that petitioner had contributed in a substantial manner to the support of the children during the period of separation.

At the close of this interrogation the trial justice said, "There's no willful desertion here," and remarked that petitioner did not come into court with clean hands, saying that he had "two children down there and he has done practically nothing for their support." At this point petitioner's counsel suggested that the question of the adequacy of the support of the children was not relevant to the issue raised by the petition for divorce. To this suggestion the trial justice replied: "He filed a petition that says he has demeaned himself as a faithful husband and has performed all the obligations of the marriage covenant. That is under oath and that is part of his proof in wanting to

get a divorce. He hasn't proved it. The petition is denied."

Among other specifications of error, petitioner contends that the decision is based upon matters that are not in evidence. He argues, therefore, that the decision is beyond the purview of our settled rule that the decision of a trial justice sitting as a court of domestic relations will not be disturbed by this court on review unless it is clearly wrong. This contention, in our opinion, is meritorious.

It does not appear from the transcript that the decision of the trial justice was based on petitioner's failure to establish willful desertion within the meaning of the statute. Neither does it appear, despite his reference to the equitable maxim of clean hands, that he was invoking the doctrine of recrimination, that is, that petitioner had himself been guilty of conduct that would constitute a ground for divorce or of conduct so provocative of domestic discord as to induce or encourage respondent to engage in the conduct alleged to constitute the ground for divorce. Had the trial justice's decision been based upon either of the latter grounds, it would clearly be inequitable to permit petitioner to terminate the marital contract that he had himself breached or by his conduct had induced respondent to breach. *Tillison* v. *Tillison*, 63 Vt. 411, 414; *Lannon* v. *Lannon*, 86 R. I. 451.

It is clear that the trial justice concluded that petitioner had failed to sustain the burden of proving by affirmative convincing evidence that he himself was free from fault in the premises. In so doing, however, he made no express finding as to any particular conduct on the part of petitioner that, in his opinion, would suffice to bar the relief here sought. The desirability of such findings was noted by this court in *Lannon* v. *Lannon, supra*. That such a finding, however, is implicit in the decision is evidenced by the tenor of the interrogation conducted by the trial justice. We attach considerable significance to the nature of these inquiries, for we are thereby persuaded that the decision

was made by the trial justice either in total or substantial reliance on the contents of a letter which, while filed in the jacket of the case, was not put in evidence or offered in evidence for a ruling as to its admissibility.

The letter in question, dated April 29, 1959, was addressed to the clerk of the superior court for the county of Providence who, it appears, upon receipt thereof filed it in the jacket of the instant case. It purports to be a communication from the superintendent of welfare for Cleveland county in the state of North Carolina, and it charges, in substance, that petitioner deserted respondent in that state in October 1953 and has failed to make any substantial contribution to the support of his children since that time. We find the conclusion inescapable that the trial justice was informed as to the contents of this letter and that his interrogation of petitioner was a result of his examination thereof. This court is unable to say, when we examine his decision in the context in which it appears, that the trial justice reached that determination without relying, either wholly or in a substantial degree, upon the information that was set out in this letter.

It is well settled that error inheres in the action of a trial justice who, in determining the right of a petitioner to a divorce, relies either in whole or in part on matters not in evidence. Recently this court in *Feuti* v. *Feuti*, 92 R. I. 219, 167 A.2d 757, gave consideration to the dual purpose of a court of domestic relations, that is, to its advisory function as distinguished from its judicial function. We therein noted that when the court of domestic relations undertakes to advise or counsel litigants with respect to marital problems, it has a wide discretion to receive and consider whatever information it might deem helpful in its performance of that function, whether or not it has the status of competent legal evidence. We made it abundantly clear, however, that when a court of domestic relations is exercising its judicial function, that is, makes a determination as to a

disputed right, it must comply with the generally accepted rules of evidence. In that case we quoted from *Adamo* v. *Adamo*, 59 R. I. 6, in which case at page 9 this court said that when the domestic relations court is determining the legal right of litigants therein, the judge "is bound to determine such rights from evidence that is legally competent under well known rules of law."

The law being as set out above, we are of the opinion that the action of the trial justice here, in considering matters dehors the record in his determination of the right of this petitioner to a divorce, constituted prejudicial error. In the circumstances, it is our further opinion that the ends of justice will best be served by remanding this cause to a court of competent jurisdiction to be heard therein on the merits. Since the jurisdiction to hear and grant petitions for divorce in this state is now, by virtue of the provisions of G. L. 1956, chap. 8-10, vested in the family court, the cause should be heard de novo by a justice of that court in accordance with the view which we herein take.

The petitioner's exception is sustained, and the papers in the cause are remitted to the superior court with direction to transfer them to the family court for a new trial in accordance with this opinion.

*Gorham & Gorham, John Gorham,* for petitioner.

No appearance for respondent.