ROBERT HARWOOD *vs.* JOSEPHINE HARWOOD.

MARCH 22, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J.  This is an original petition by a husband for an absolute divorce on the ground of extreme cruelty.  After a hearing in the superior court on this petition and on a cross petition for divorce from bed and board by the wife alleging extreme cruelty and gross misbehavior, the trial justice denied both petitions.  The case is before this court only on the petitioner's exception to the decision denying his petition.

The evidence on most of the material issues was conflicting.  Since the wife has taken no appeal, we are not concerned with her cross petition except to point out that it was denied because the trial justice found that petitioner had proved by a fair preponderance of the evidence that she was guilty of extreme cruelty.  He found that she made conditions at home so unpleasant that petitioner sought more pleasant surroundings elsewhere and on occasions went out socially with another woman.  Although he said that he did not believe that the relationship with the other woman was in any way criminal or wholly repugnant to the marriage covenant, he in effect found that petitioner's activities in this respect aggravated his wife's conduct toward him.

In other words the trial justice found that merely by going out socially with another woman petitioner made a bad situation worse by indulging in conduct which was provocative of further domestic discord.  He therefore held that petitioner had not proved by a fair preponderance of the evidence that he was free from fault and consequently denied his petition.

The evidence clearly supports the finding that on occasions petitioner went out socially with another woman.  The evidence with respect to the effect of such conduct on the marriage is in conflict.  Whether such conduct provoked further domestic discord was a question of fact for the trial justice to determine in the first instance.  He found that it did aggravate conditions between the parties.  His find-

ing is entitled to great weight and will not be disturbed by this court unless it is clearly wrong. *Comery* v. *Comery,* 76 R. I. 191, 194. In our opinion petitioner has not sustained his burden of proving that such finding is clearly wrong.

The question raised on this appeal is whether such findings are sufficient in law to warrant the denial of the petition. The petitioner contends that the decision is erroneous. In our opinion his exception lacks merit.

The law is well established in this state that in an action for divorce on the ground of extreme cruelty, a petitioner cannot prevail unless he establishes by affirmative and convincing evidence that he is without fault. *Grimes* v. *Grimes,* 61 R. I. 198. As the court said in *Lannon* v. *Lannon,* 86 R. I. 451, 454: "The freedom from fault that a petitioner for divorce is required to show by affirmative convincing evidence is not limited to recriminatory offenses of such character on his part as would entitle a respondent to a divorce. * * * in this state conduct not amounting to a recriminatory offense may be sufficient to cause relief to be withheld from a petitioner on the ground that he did not come into court with clean hands. *Standish* v. *Standish,* 48 R. I. 179."

In view of the finding by the trial justice that petitioner's relationship with another woman aggravated his wife's conduct toward him, it is our opinion that such conduct was provocative of further domestic discord and that therefore the case at bar is governed by the rule in *Lannon* v. *Lannon, supra,* at page 454, where the court stated: "* * * the meaning of the words 'without fault' under this rule includes an absence of any conduct that is either repugnant to the marriage covenant or is provocative of domestic discord."

In our opinion the findings of fact made by the trial justice were not clearly wrong and he did not err in deciding that the petitioner had not proved by affirmative convincing evidence that he was without fault.

The petitioner's exception is overruled and the case is remitted to the family court for further proceedings.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg,* for petitioner.

*A. Anthony Susi,* for respondent.