ELLEN MILDRED MIGNEAULT *vs.* ALFRED O. MIGNEAULT.

OCTOBER 19, 1962.

PRESENT: Condon, C. J., Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a wife's petition for divorce on the ground of extreme cruelty. The case is here on her bill of exceptions to the trial justice's decision on the merits and to two rulings on the admission of evidence. However, since the latter exceptions were not briefed and argued they must be deemed to be waived. *Hakonson* v. *Hakonson,* 64 R. I. 276.

The exception to the trial justice's decision raises only the narrow question whether it was clearly wrong. In his decision, after reviewing the evidence and commenting favorably thereon for respondent, he expressly found that petitioner had failed to sustain the burden of proof and therefore denied her petition.

It appears from the transcript that the evidence was conflicting on whether respondent had treated petitioner with extreme cruelty. There also appeared to be some question as to the credibility of petitioner. In the resolution of such questions the trial justice because of his opportunity to observe the witnesses as they testify is in a superior position ordinarily to weigh the evidence and pass upon its credibility. For this reason it is our firmly-established practice not to disturb his decision unless it is clearly wrong. *Harwood* v. *Harwood,* 94 R. I. 165, 179 A.2d 317; *Comery* v. *Comery,* 76 R. I. 191.

After a careful perusal of the transcript and the exhibits we cannot say that the trial justice was clearly wrong. In our opinion no useful purpose would be served by a discussion of the evidence and therefore we have refrained from such discussion. However unlikely it may appear to be now, a reconciliation of the parties may well be possible in the future. If so, our refusal to rehearse the details of their marital difficulties here may contribute to the accomplishment of that desirable result.

All of the petitioner's exceptions are overruled, and the cause is remanded to the family court for further proceedings.

*Keefer and Kirby, Scott K. Keefer,* for petitioner.

*Irving I. Zimmerman,* for respondent.