FRANCES B. MULRY *vs.* HARRY T. MULRY.

DECEMBER 12, 1962.

PRESENT: Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J.   This cause is before us on appeals by both parties from a decree of the superior court modifying the final decree of divorce by granting the petitioner an increase in alimony of $1,200 per year.

The parties were married in 1938 and divorced in 1945. There was no issue of the marriage.   On September 24, 1945 a final decree was entered granting petitioner's prayer for divorce and allowing her to resume her maiden name of Frances Dorothy Bene.   The decree incorporated by reference an agreement as to alimony.

The agreement provided for the payment of $5,200 per year in equal amounts of $100 per week and included a provision for the creation of a trust fund for her benefit in the event that respondent predeceased her.   The trust agreement provided that she was to receive $3,500 annually in equal weekly payments until she remarried or died. The agreement also expressly stated that it was the intention of the parties "not to divest the Court of the power to modify the within agreement should future circumstances of the wife or of the husband, or the estate of the husband warrant the same."

The motion to modify was filed by petitioner in December 1959 and was heard before a justice of the superior court in 1961.   The motion alleges "that circumstances and conditions of the parties have changed so that the Final Decree and the agreement referred to therein should be modified, changed and/or amended to conform the present circumstances and conditions of the parties."   The petitioner prayed that the final decree and the agreement referred to therein be modified so that the terms thereof would conform "to the present circumstances and conditions of the parties."

The petitioner testified in substance that her living expenses had increased since the entry of the final decree; that the amount of her food and clothing costs had approximately doubled since 1945; that in general the cost of liv-

ing had increased 66 per cent since the entry of the final decree; and that she could not afford to live as she was accustomed to live prior to the divorce.

The respondent stipulated that the Bureau of Labor Statistics figures showed an increase in the cost of living in cities of 66 per cent from February 1945 to February 1961. He testified that since the divorce he had amassed a stock portfolio of about a half million dollars; that he had acquired certain capital gains income; and that although his income had diminished during the last three years he was willing to admit that he could pay out of capital the increases requested by petitioner.

After the hearing the trial justice in a bench decision stated that the only issue before him was whether petitioner had sustained her burden of proving a change of circumstances from the time of the entry of the final decree, an increased need, the extent of such need, if any, and respondent's ability to pay additional alimony. After carefully reviewing the evidence the trial justice concluded that petitioner had sustained the burden of showing a change of circumstances and an increased need of $1,200 per year and that respondent was able to pay such amount. The decree appealed from was thereafter entered modifying the final decree and ordering respondent to pay additional alimony of $1,200 per year in the same manner as provided for in the original decree.

Under her reasons of appeal petitioner contends in substance that the decree appealed from is against the law and the evidence and the weight thereof. She argues that the trial justice erred in refusing to give any effect to the admission made by respondent that there was an increase of 66 per cent in the cost of living in the cities since 1945. Her theory is that respondent's admission of such increase in the general cost of living had the effect of establishing a change of circumstances in her case showing the need of an increase of at least 66 per cent of the $5,200 she was

receiving. In considering this argument the trial justice said:

> "I cannot accept that contention. It is evidence of a general rise in the cost of living and it is a fact which, for what it is worth, is in this record showing a general rise in the cost of living. But the burden upon the petitioner is to go beyond a mere showing of a general rise in cost of living and to show her change of circumstances with respect to what the situation was in 1945 and what it is now at the time she seeks to make this change. It is with that in mind that I will examine the testimony, having, as I have said, rejected the contention that I should take as a basis for an increase the statement that there has been an increase of 66 per cent in the Bureau of Labor Statistics in the cost of living."

In our opinion the treatment of respondent's admission by the trial justice was correct. The only question for this court to determine with respect to petitioner's remaining contention, as well as with respect to respondent's contention under his reasons of appeal, is whether the evidence supports the ultimate findings and conclusions of the trial justice and whether he applied the correct law. We have carefully read the transcript and it appears therefrom that although petitioner's testimony is, for the most part, general in character, she did offer some testimony specifically showing a change in circumstances and a need for additional alimony.

After carefully reviewing the testimony of both parties the trial justice concluded that she had sustained her burden of showing a change of circumstances and a need for additional support. A careful reading of his decision shows clearly that the decree in question is based on his finding, implicit in his decision, that there was a substantial change of circumstances warranting an increase of $1,200 per year and that respondent was financially able to pay the same.

It may be pertinent to state at this point that the trial justice correctly treated the final decree entered on Septem-

ber 24, 1945 by giving it the same force and effect as though it had been entered after a hearing. *Burns* v. *Burns*, 92 R. I. 278, 168 A.2d 141. Although both parties have cited many authorities in support of their respective contentions, they are in general agreement on the law applicable to the real issues in this case and, therefore, we do not deem it necessary to discuss the cases and other authorities cited. The parties disagree merely on the question of whether the evidence supports the ultimate findings and orders in the decree appealed from.

The reasons of appeal of the parties based upon the trial justice's decision raise only the narrow question whether it was clearly wrong. The decision rests, to a great extent, upon the weight of the evidence and the credibility of the witnesses. Under our practice the findings of a trial justice are entitled to great weight and will not be disturbed by this court unless they are clearly wrong. *Harwood* v. *Harwood*, 94 R. I. 165, 179 A.2d 317.

After a careful examination of the entire record we cannot say that the trial justice was clearly wrong. While a discussion of the evidence would serve no useful purpose, we want to state that we are satisfied that the decision is supported by the evidence. After considering all of the contentions of both parties, including those not expressly referred to herein, it is our opinion that the trial justice committed no prejudicial errors in arriving at his ultimate decision and that the decree appealed from is lawful.

The appeal of each party is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the family court for further proceedings.

*Aram A. Arabian*, for petitioner.

*Edwards & Angell, Edward Winsor, Walter W. Winget, II*, for respondent.