230 A.2d 429.
PRISCILLA P. MARCOTTE *vs.* LEO F. MARCOTTE.
JUNE 5, 1967.
PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J. This is a petition for divorce, the grounds alleged therefor being neglect to provide and extreme cruelty. The matter was heard by a justice of the family court. A decision for the petitioner was entered on January 21, 1964, granting the petition on the ground of extreme cruelty. From that decision the respondent has prosecuted a bill of exceptions to this court.

Substantial evidence was adduced to show acts of cruelty on the part of respondent. This consisted primarily of the testimony of petitioner that on several occasions during 1962 respondent had attacked her, striking her and attempting to choke her. This evidence is corroborated by the testimony of a friend, who on several occasions saw marks on petitioner's throat and bruises on her arms. It is also corroborated in part by the testimony of the son of the parties. The respondent denied that he had committed any acts of physical violence upon the person of petitioner.

314

We are confronted then with a situation in which there is a conflict in the evidence adduced to prove acts of cruelty. This raises an issue which is for the determination of the trial justice in the first instance. In the resolution thereof the trial justice has the opportunity to observe the witnesses as they testify and, therefore, is in a better position to weigh the evidence and to pass upon the credibility of the witnesses than is this court. For this reason it is the established policy of this court to allow the findings of fact made on such issues by the trial justice to remain undisturbed on review unless it be shown that he was clearly wrong therein. *Migneault* v. *Migneault,* 95 R. I. 125, 184 A.2d 688; *Harwood* v. *Harwood,* 94 R. I. 165, 179 A.2d 317.

Attempting to meet this burden, respondent urges that the trial justice misconceived the impeaching character of evidence adduced by petitioner to show that she sought medical attention as a result of the alleged acts of physical violence. He points to the decision, wherein the trial justice said that he found respondent guilty of extreme cruelty "* * * since on the several occasions referred to he has used physical violence on the petitioner causing marks and bruises to the petitioner's body and resulted in causing the petitioner to seek medical treatment."

Referring to the trial court's conclusion that the physical violence required petitioner to seek medical attention, respondent argues that her testimony as to the dates upon which she consulted with her physician is not consistent in point of time with her testimony as to the dates upon which the physical violence took place. He argues also that under cross-examination she admitted that some of the visits to the doctor were not made for treatment of conditions that resulted from the alleged violence of respondent.

We see nothing in this inconsistency in the testimony, if any there be, that persuades us that the trial justice misconceived the probative force of the evidence adduced to

prove the acts of violence. Obviously, it does not tend to contradict nor to impeach that evidence and, in our opinion, does not warrant a conclusion that the trial justice misconceived the thrust of the evidence so offered to prove the physical violence upon which he rests his finding of cruelty.

The respondent argues also that reversible error inheres in the reliance of the trial justice in determining this cause on the contents of a medical report that had not been admitted into evidence as a full exhibit. In *Sargent* v. *Sargent*, 93 R. I. 359, 175 A.2d 551, we said at 363, 175 A.2d at 553: "It is well settled that error inheres in the action of a trial justice who, in determining the right of a petitioner to a divorce, relies either in whole or in part on matters not in evidence." We are aware that this rule inhibits reliance on evidence dehors the record either in whole or in part, but we are persuaded that before such reliance on evidence dehors the record constitutes reversible error, it must appear to have influenced the trial justice in reaching the decision that he did.

In *Sargent* v. *Sargent, supra,* the evidence dehors the record upon which the trial justice placed reliance was the contents of a letter which, while filed in the jacket of the case, had neither been put into evidence nor offered in evidence for a ruling on its admissibility. We said in that case, 93 R. I. at 362, 175 A.2d at 553, referring to a series of questions propounded by the trial justice: "We attach considerable significance to the nature of these inquiries, for we are thereby persuaded that the decision was made by the trial justice either in total or substantial reliance on the contents of a letter * * *." In other words, in that case we concluded that evidence that was not in the record of the cause had exerted a controlling influence on the decision of the trial justice.

The evidence to which respondent refers here is a medi-

cal report from the Lahey Clinic, in which the examiner, discussing his diagnosis of petitioner's condition, said: "* * * her symptoms were on the basis of nervous tension due to a bad home situation * * *." The trial justice here in his decision, referring briefly to this report, paraphrased its contents as follows: "There was introduced into evidence a report from the Lahey Clinic, Petitioner's Exhibit #5, concerning the petitioner in which the diagnosis was a psychopsysiologic [sic] musculoskeletal reaction attributable to domestic problems." An examination of the decision discloses that this is the only reference to petitioner's exhibit 5 that is made in the decision of the trial justice.

The respondent now directs our attention to the fact that the opinion of the medical examiner thus paraphrased by the trial justice was not contained in exhibit 5, which had been admitted into evidence. In fact it was a part of a report from another examiner at the Lahey Clinic, which had been offered for identification and marked petitioner's exhibit 2, but which had never been admitted into evidence. The record discloses that respondent's contention is true and that the medical opinion referred to was not contained in the medical report that was in evidence.

We are unable to perceive, however, that there was in the instant cause any reliance by the trial justice upon evidence dehors the record such as was clearly present in *Sargent* v. *Sargent, supra.* His reference to the medical report in the decision was obviously but casual and, when read in the context of the whole decision, it is clear that the court was relying on the oral testimony of the witnesses to establish the acts of cruelty. His reference to the medical report, in our opinion, was merely intended to indicate that there was cumulative evidence upon that issue. It is our view that where the decision of the trial justice did not result from his being influenced by the evidence dehors the

record, such error as may be involved is harmless. This contention of respondent is without merit.

The respondent's further contention that the trial justice misconceived evidence adduced by the respondent to establish that the petitioner was not free from fault in the premises is likewise without merit. It is clear that the trial justice fully considered the evidence thus adduced and rejected it as being incredible and without weight. In all of the circumstances we cannot say that he was clearly wrong in so concluding.

The exceptions of the respondent are overruled, and the cause is remanded to the family court for further proceedings.

*Jackvony & DeConti, Louis V. Jackvony, Jr., Angelo Rossi,* for petitioner.

*Kirshenbaum & Kirshenbaum, Isidore Kirshenbaum, Alfred Factor,* for respondent.