254 A.2d 436.
MARIA J. PEREIRA *vs.* ANTONIO L. PEREIRA.

JUNE 26, 1969.

PRESENT: Roberts, C. J., Paolino, Joslin and Kelleher, JJ.

KELLEHER, J.  This is an appeal by a wife from a decree of the family court denying and dismissing her petition for a bed and board divorce.

The parties were married on April 13, 1926. No children were born of the marriage. In April 1964, they had an extended vacation in Europe visiting, among many countries, their native Portugal. When they returned to the United

States, they brought with them the husband's 17-year-old niece. She took up residence with the parties in their Cumberland home. The respondent operates a cafe. On the evening of October 25, 1965, the niece visited respondent at his place of business and informed him that she was going to be married. She and her intended husband then went to the Pereira home and told petitioner the glad tidings. When respondent arrived home at approximately 2:00 a.m. on October 26, 1965, he proclaimed that "Somebody going to get married." This last statement precipitated an incident which resulted in this litigation. The parties gave conflicting versions as to what occurred. It is clear, however, that Maria left the matrimonial domicile and went to a nearby relative's home. The next day she filed this petition which alleges that her husband was guilty of extreme cruelty.

As of this moment, Maria and "Tony" Pereira have been married to each other for over 43 years. In her petition, Maria asks that she be divorced from bed and board and future cohabitation "until the parties become reconciled." We shall forego any discussion of the evidence adduced in the family court in the earnest hope that petitioner's implicit wish for a reconciliation will become a reality. Any detailed recitation of the misunderstandings expressed by the parties will add nothing to this opinion and may well exacerbate the already strained relations presently existing between the litigants. It is sufficient to point out that in this jurisdiction it is well settled that a divorce will be granted only upon a showing of clear and convincing evidence that the petitioner is without fault. In *Lannon v. Lannon*, 86 R. I. 451, 136 A.2d 608, we pointed out that a petitioner's freedom from fault is not limited to recriminatory offenses of such a character as would entitle a person to a divorce. In Rhode Island, conduct by a petitioner which would not in itself be a ground for divorce bars a litigant

from obtaining judicial assistance in changing one's marital status.

Here the trial justice found both parties contributed to the argument and resulting altercation which occurred on October 26. The court held that petitioner had not established freedom from fault. The trial justice's findings in this type of proceedings are entitled to great weight and on review they will not be disturbed unless clearly wrong. *Harwood* v. *Harwood,* 94 R. I. 165, 179 A.2d 317. We have examined the record and can find no error in the findings made by the family court.

Since the petitioner's freedom from fault has not been established, there is no necessity in considering the other portions of her appeal.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the family court for further proceedings.

Powers, J., did not participate.

*Lennon & Marran, Joseph E. Marran, Jr.,* for petitioner.

*J. Frederick Murphy,* for respondent.