DORIS C. GOMES *vs.* HENRY GOMES, JR.

JUNE 8, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

88

POWERS, J. This is a petition for relief without commencement of divorce proceedings brought under the provisions of G. L. 1956, §15-5-19, hereinafter referred to as the statute. It was heard by a superior court justice who rendered a decision in favor of the petitioner. It is before us on the respondent's bill of exceptions to a ruling of the trial justice on the nature of proof required and to his decision.

Although the bill of exceptions contains nine assignments of error, respondent has expressly waived all but the exception to the decision and to the following ruling:

"* * * even though the court might come to the conclusion that both parties are guilty of conduct which if continued might lead to grounds of divorce, until such time as there has been an adjudication of a ground in favor of one against the other, an adjudication completely, this court must fix the status and govern the rights of the parties until there has been a final adjudication. All I have to find there is a cause in existence. I do not have to determine who is guilty or who is not guilty, or whether both are guilty. I will note your exception."

Since this ruling is inherently contained within the decision, we deem it necessary to consider only the exception thereto.

It appears from the record that the parties were married on February 8, 1947; that they have one child, a minor son; and that they have been separated since April 20, 1960, each spouse attributing the reason therefor to the fault of the other.

On August 4, 1960, petitioner commenced the instant cause by filing a petition pursuant to the provisions of the statute, the pertinent language of which reads as follows:

"* * * whenever a cause is in existence which is, or if continued will be a cause for divorce, the superior court, upon the original petition of one of the parties, to be heard and determined by the court of domestic relations and following such procedure as the superior court by general rules may prescribe and in absence thereof, or in special cases as the court of domestic relations may prescribe, may restrain either party from interfering with the personal liberty of the other, and may regulate the custody and provide for the education, maintenance and support of the children, if any, and may, in its discretion, make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any such petition in case she has no property of her own available for such purpose, as it may think reasonable and proper, and may assign to the petitioner a separate maintenance out of the estate or property of the husband or wife, as the case may be, in such manner and of such amount as the court may think proper; * * * and the court may make all necessary orders and decrees concerning the same and the same at any time may alter, amend, and annul for sufficient cause, after notice to the parties interested therein."

A hearing was held thereon on October 24, 1960, and petitioner testified, in substance, that in January 1960 the respondent became abusive, refused cohabitation, ordered her out of the house and, when she failed to leave, deserted her and their minor child in April. On cross-examination

she denied refusing to cohabit, using abusive language, refusing to prepare meals, throwing things at respondent and generally conducting herself in violation of the marriage covenant.

During the questioning of petitioner as to her conduct, the court indicated that inquiry along such lines was unnecessary, causing counsel to ask, "Supposing I can prove she has done one of the things in violation of the marriage covenant, whether adultery or not, but a ground, does Your Honor say the petition should be granted in favor of this woman?" To this the court replied, "That is correct."

Following some further discussion the trial justice then made the ruling which is the basis of respondent's exception. Reiterating his finding that petitioner's guilt, or lack thereof, was not a proper issue, the trial justice nonetheless permitted respondent to make an offer of proof, following which he stated: "* * * if the court permitted the respondent to substantiate the offer of proof, that he would support the fact that there is in existence a cause that if continued would lead to a cause or grounds for divorce in his behalf. The court will state as a matter of law that it makes no difference whether the cause that is in existence would be a cause that would enable the petitioner to get a divorce or whether if continued would enable the so-called respondent to get a divorce. The court has only to find as a condition precedent to the grounds of relief that there is actually in existence now a cause; there is a cause in existence in accordance with the petitioner; and it is supported by the respondent that there is a cause in existence."

At the close of the hearing the trial justice rendered his decision in favor of petitioner and a decree in accordance therewith was entered on November 16, 1960. The decree adjudges that there is in existence a cause which if continued might be cause for divorce; awards temporary custody of the child to petitioner with the right of reasonable visitation reserved to respondent; orders him to pay peti-

tioner the sum of $75 weekly which she is to use for her support, the child's support and to pay certain bills; orders respondent to pay counsel fees; gives exclusive use of the home and furniture to petitioner; and orders respondent to pay all outstanding bills up to the date of the decree.

The issue in the instant case arises from the absence in the statute of words which specifically require a petitioner to be without fault. The petitioner here contends that even the form of petition adopted by the court requires no reference to her freedom from fault. The respondent, on the other hand, contends that the legislature could not have intended that a party, himself or herself the principal cause of existing marital discord, could obtain relief from a court of equity and good conscience.

Neither the purpose of the statute, to separate but not divorce, nor the results possible upon its application can be disputed. It is available to separate a husband and wife. Through it a separated wife can take from the estate of the husband by court order. Custody of the children can be decided. Exclusive control of home and furniture can be decreed. It is difficult to perceive how the legislature could have intended to make relief of this nature available to a party at fault, particularly a party exclusively at fault, yet this is what petitioner contends when she argues that this is so because there is no express provision to the contrary.

Although it is true there is no express provision that a party seeking relief under the statute must show himself or herself to be without fault, we cannot agree that the statute is otherwise totally silent on the matter. In our opinion the legislature expressed its intention to deny relief to a petitioner materially at fault when it provided that "whenever a *cause* is in existence which is, or if continued will be a *cause* for divorce * * *." (italics ours) The use of the term *cause* for divorce necessarily includes a consid-

eration of *fault* in the matter and not simply ostensible grounds therefor.

It appears to us that the legislature never intended to isolate *grounds* for divorce from *cause* for divorce when it enacted the statute. If it had, then that body would have specified "whenever grounds" and not "whenever cause." Grounds for divorce may well exist in behalf of one spouse, but, because of fault on the part of that spouse, such may not arrive at cause for divorce.

In *Lannon* v. *Lannon,* 86 R. I. 451, the court said at page 455, "The question is not whether such uncontradicted evidence [that petitioner had been seen with other men, came home late nights and was abusive to respondent] is sufficient to constitute a ground for divorce under our law but whether it has sufficient probative force to negative the petitioner's allegation of freedom from any fault which is repugnant to the marriage covenant or provocative of domestic discord." See also *Lister* v. *Lister,* 82 R. I. 93, and *Browning* v. *Browning,* 89 R. I. 415, 153 A.2d 146.

In our opinion there is little merit in the contention that because the statute provides for relief without commencement of divorce proceedings the equitable rules which govern parties therein should not apply. Moreover, it should not be necessary for a party to commence such proceedings as the result of a suit brought under the statute in order to avail himself of a just defense. Indeed it would appear incongruous that the legislature should enact a statute solely defensible by the very means it seeks to avoid and replace. It would appear more reasonable that the statute adhere to the equitable rules traditionally available in such matters and, absent specific words in the statute to the contrary, we cannot say that the legislature intended it to be otherwise.

The respondent's exceptions are sustained, and on June 21, 1961 the petitioner may appear before this court to show cause, if any she has, why the case should not be remitted

to the superior court with direction to deny and dismiss the petition.

*Robert H. Breslin, Jr.,* for petitioner.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for respondent.