JOHN R. LYNCH *vs.* GERTRUDE D. LYNCH.

JUNE 28, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

144

Paolino, J. This petition to regulate custody and to establish rights of visitation was brought under the provisions of G. L. 1956, §15-5-19, authorizing the filing of such petitions for relief in the superior court without commencement of divorce proceedings. The respondent entered a special plea to the jurisdiction and a motion to deny and dismiss the petition on the ground that for reasons therein alleged the superior court had no jurisdiction to hear it.

After a hearing on the special plea the trial justice, after making certain findings of fact, entered a decision sustaining it and granting her motion to deny and dismiss the petition. Thereafter a decree was filed containing those findings and an order sustaining the plea to the jurisdiction and denying and dismissing the petition. The case is before this court on petitioner's bill of exceptions to such

decision and also on his reasons and claim of appeal from said decree.

The bill of exceptions and the reasons of appeal have been filed within the statutory period. There is no contention to the contrary. It appears that petitioner was uncertain as to the proper procedure to be followed in bringing the case to this court for review. The appellate procedure in the instant case presents a novel question. Consequently, out of an abundance of caution, he has followed the procedure prescribed in G. L. 1956, §9-24-13, relating to exceptions in trials without a jury, and also the procedure prescribed in §9-24-1, dealing with appeals in equity and proceedings following the course of equity.

Although the respondent has not raised the question of the proper appellate procedure to be followed in proceedings under §15-5-19, we deem it helpful and appropriate to consider this problem at this time in order to establish what we consider the proper appellate procedure. It seems to us that the reasoning of the court in *Thrift* v. *Thrift*, 30 R. I. 357, applies with equal force to the provisions of §15-5-19. It is the opinion of this court, therefore, that a bill of exceptions under §9-24-13 is the appropriate appellate procedure to employ in seeking a review by this court of questions of law which may arise in the trial of cases brought under §15-5-19. See *Gomes* v. *Gomes*, 93 R. I. 87.

After alleging the existence of a cause for divorce petitioner requests relief under §15-5-19 to regulate the custody and provide for the education, maintenance and support of the three minor children of the parties and to establish rights of visitation. The petition is dated September 2, 1960 and the order to let citation issue is dated September 6, 1960. The petition was filed in the office of the clerk of the superior court on September 8, 1960.

The respondent was served by citation in Dade County, Florida, on October 13, 1960. Thereafter, on November 4,

1960, she filed a special plea to the jurisdiction and a motion to deny and dismiss the petition. Her counsel entered a special appearance solely for the purpose of contesting the jurisdiction of the superior court to hear and decide the subject matter of said petition.

In her plea respondent alleges that the superior court has no jurisdiction since the subject matter of the relief requested relates to the custody, and other matters relating thereto, of children who were not at the time of the commencement of the instant petition, and are not now, physically within the jurisdiction of said court. She also alleges therein that the question of the custody of the children and related matters had been passed upon "In The Circuit Court Of The Eleventh Judicial Circuit In And For Dade County, Florida In Chancery No. 60C 8572" under its decree dated September 2, 1960 in a complaint for custody of said children and injunctive relief brought by respondent in the state of Florida. Finally she alleges in her plea that petitioner has assented to the jurisdiction of the Florida court by appearing therein and moving in said proceeding for affirmative relief in respect to the custody, care and control of the children.

It appears from the evidence that respondent wife left the state of Rhode Island with the two younger children of the parties and arrived in Florida on September 1, 1960. The third child, who was then nineteen years of age, left the state early in September 1960 to attend college in New York and has never returned to Rhode Island.

Certified copies of the proceedings in the Florida court in "Chancery No. 60C 8572" are in evidence. It appears therefrom that the Florida court granted to the instant respondent the care, custody and control of the three minor children and restrained petitioner from interfering with the children and also restrained him from removing from the state of Florida the two children who were there with respondent.

On the basis of the record before him the trial justice made certain findings of fact. The pertinent findings are that respondent was not served within the jurisdiction of this state; that the three children were not physically within the jurisdiction of this state at the time of the filing of the instant petition or at the time of the hearing; that the instant petition pertained solely to the question of custody and related matters and did not involve the question of divorce or separation between the parties; and that Rhode Island is the marital domicile of the parties.

With reference to the Florida proceedings he found that the complaint brought there by the wife was an equity action in which the primary purpose was to determine the question of custody and matters related thereto, and not the question of divorce or separation between the parties; that the husband, petitioner in the instant case, filed an answer to the Florida complaint wherein he asked the Florida court to determine the question of custody; that by such appearance he submitted himself, on the question of custody, to the jurisdiction of the Florida court and thereby waived whatever rights he had, if any, to come before the superior court in this state at this time on said question; and that in the circumstances, even though one of the children was not physically within the state of Florida, the Florida court was in the best position, on the question of custody and matters related thereto, to determine what was for the best interests of the children and to carry out its orders and to enforce its decrees.

On the basis of such findings the trial justice concluded that the superior court had no jurisdiction over the person of the respondent and no jurisdiction over the children. For those reasons he sustained the respondent's special plea and granted her motion to deny and dismiss the instant petition.

Under his bill of exceptions petitioner contends that the decision of the trial justice is in error. He argues, in sub-

stance, that jurisdiction to determine custody of minor children depends upon the domicile of such children and that minor children have the same domicile as that of their father. He concludes that since petitioner's domicile was in this state the superior court had jurisdiction to determine the question of custody, notwithstanding the physical absence of the three children. In support of his contentions petitioner has cited certain authorities and several decisions from other jurisdictions.

We have examined all of the authorities cited by him but find that the principles of law quoted by said authorities, although pertinent in some aspects, are not determinative of the ultimate issue in the instant case. It will serve no useful purpose to discuss them since they involve questions of divorce and separation and are clearly distinguishable from the instant case.

The question of divorce or separation was not present in the Florida proceedings nor is it in the instant petition. The petition has been brought under our statute, §15-5-19, which relates solely to "Orders without filing of divorce petition — Custody of children — Allowances — Separate maintenance." The Florida proceedings clearly involved only the question of custody and matters related thereto. In such proceedings the only question before a court of competent jurisdiction is the welfare of the children.

The Florida court, in the peculiar circumstances of this case, clearly had jurisdiction to hear and determine the question of custody. It had jurisdiction of the instant respondent who filed the complaint and also of the instant petitioner, he having submitted himself thereto by his appearance and request for affirmative relief. By so doing, it is our opinion that the instant petitioner waived his right to institute custody proceedings in this state in the present circumstances. The decision of the trial justice was therefore not in error.

The petitioner's exception is overruled, and the case is remitted to the superior court for further proceedings.

*William R. Goldberg, Ronald R. Gagnon,* for petitioner.

*Eugene F. Cochran, George K. Demopulos,* for respondent.